IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK12-81581-TLS |
| | ) | |
| DAVID ANTHONY HANZEK and | ) | CH. 13 |
| LINDA MICHELLE HANZEK, | ) | |
| | ) | |
| Debtors. | ) | |
| DAVID ANTHONY HANZEK and | ) | ADV. NO. A12-8080-TLS |
| LINDA MICHELLE HANZEK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OMAHA POLICE FEDERAL CREDIT | ) | |
| UNION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the court on Plaintiffs' motion for summary judgment (Fil. #14) and a resistance filed by Defendant (Fil. #17). Trinh P. Tran represents Plaintiffs and David J. Koukol represents Defendant. In support of Plaintiffs' motion for summary judgment, a brief and evidence were submitted. Pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

This adversary proceeding was filed to avoid a junior lien on Plaintiffs' real property. There are two consensual liens on Plaintiffs' home. The first is held by PHH Mortgage Corporation ("PHH") and the second is held by Defendant.

The following facts are uncontroverted:

1. Plaintiffs are the Debtors in this Chapter 13 proceeding.

2. Plaintiffs are the owners of real property legally described as: AUTUMN GROVE LOT 396 BLOCK 0 76 X 120, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 16134 W Street, Omaha, Nebraska 68135.

3. The above-described property has at all relevant times been the personal residence of Plaintiffs herein.

  4. PHH holds a first lien against the real property and has filed a proof of claim in the amount of $232,004.71.

  5. Omaha Police Federal Credit Union, N.A. holds a second lien against the property and has filed a proof of claim in the amount of $64,882.89.

  6. The tax assessed value of the personal residence in question is $206,200.00. According to an appraisal obtained by Defendant, the value of the property is $216,000.00.

  7. Plaintiffs filed this motion for summary judgment and brief in support on June 17, 2013. Defendant timely filed its opposition to the motion, but did not file a brief to support its opposition as required by Local Rule 7056-1(B).

  8. In its resistance, Defendant fails to controvert any of Plaintiffs' allegations. Instead, Defendant simply makes the unsupported assertion that tax assessed value does not reflect fair market value.

  Debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior lienholder where there is no equity securing the security interest in the property. *Fisette v. Keller (In re Fisette)*, 455 B.R. 177 (B.A.P. 8th Cir. 2011).

  The analysis was explained in *Fisette*:

> [T]he Sixth Circuit Court of Appeals provided a helpful summary of the position we follow in this case:
> The message, to recapitulate, is this:
> — Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;
> — Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;
> — Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"
> — If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim" and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;
> — If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification by the plan.

*Fisette*, 455 B.R. at 183-184 (quoting *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 669 (6th Cir. 2002)).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

Defendant raises several factual and legal issues in its answer to the complaint and in the pretrial statement filed by the parties. However, Defendant failed to assert any such issues in its response to the motion for summary judgment. To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

There are no material facts in dispute here. Plaintiffs may strip off the wholly unsecured junior lien held by Defendant for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until Plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by Plaintiffs' residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as Plaintiffs successfully complete the Chapter 13 plan.

IT IS, THEREFORE, ORDERED that Plaintiffs' motion for summary judgment (Fil. #14) is granted. Separate judgment will be entered.

DATED: July 16, 2013.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Trinh P. Tran
    David J. Koukol
    U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.